**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(NORTHERN DIVISION)**

**UNITED STATES OF AMERICA**          *

          **v.**          *          **CRIMINAL NO.: SAG-19-0610**

**DIAMANTE TEAL**          *

          **Defendant**          *

*          *          *          *          *          *          *          *          *          *          *          *          *

**MOTION TO SUPPRESS STATEMENTS OF DEFENDANT**

NOW COMES, Defendant Diamante Teal, by and through undersigned counsel, hereby moves this Honorable Court, pursuant to Rule 12(b)(3)(C) of the Federal Rules of Criminal Procedure, to suppress any statements made by him on or about September 17, 2019 during a custodial interrogation by federal and state law enforcement officers in violation of Rule 5 of Federal Rules of Criminal Procedure, Maryland Criminal Rule 4-212 (e) & (f)  and the Fourth, Fifth and Sixth Amendments to the United States Constitution, and in support therefore, states as follows:

 **A. BACKGROUND**

1. Mr. Teal is charged by way of Indictment with Conspiracy to Participate in Hobbs Act Robbery, 18 U.S.C. § 1951, Conspiracy to Commit Carjacking 18 U.S.C. 371, Use and Carry a Firearm During and in Relation to a Crime of Violence 18 U.S.C. § 924 (o), Hobbs Act Robbery 18 U.S.C. § 1951 (a), Carry, Brandish a Firearm in Relation to a Crime of Violence 18 U.S.C. § 924(c)(1)(A).

2. Statement 1: On September 17, 2019, at approximately 2:10 p.m., Teal was arrested by Baltimore City Police and taken transported to the Homicide Unit of the Baltimore City Police.

1

At that time both Teal and his co-defendant Stewart were placed in separate interrogation rooms and were subsequently interviewed by homicide detectives. Both Teal and Stewart gave recorded statements.

3. Statement 2: At approximately 7 p.m. on September 17, 2019, rather than immediately being transported to Central Booking Center, both Teal and Stewart were placed in adjoining cells which were equipped with audio and video recording equipment. Neither Teal nor Stewart was advised that their conversations would be recorded.

**LEGAL ISSUES**

4. Any statements, admissions or confessions made by the defendant to law enforcement while in custody were obtained in violation of Rule 5 of the Federal Rules of Criminal Procedure and Maryland Rule 4-212 (e) & (f) requiring prompt presentment to a judicial officer without unnecessary delay

5. Any statements, admissions or confessions allegedly made by Teal to law enforcement officers were obtained in violation of Teal's privilege against self-incrimination and his right to counsel as guaranteed by the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

6. Any statements, admissions or confessions allegedly made were obtained in violation of rights secured by the Supreme Court's holding in *Miranda v. Arizona*, 384 U.S. 436.

5. The Due Process Clause requires that any statement given to law enforcement be voluntary. *Shneckloth v. Bustamonte*, 412 U.S. 218 (1973). The burden is on the Government seeking to introduce the statement to prove by a preponderance of the evidence that the statement was given voluntarily. *Lego v. Twomey*, 414 U.S. 477, 489 (1972). A challenge to the voluntariness of an admission requires this court "to determine whether, under the totality of the

circumstances, the challenged confession was obtained in a manner compatible with the requirements of the Constitution[.]" *Miller v. Fenton*, 474 U.S. 104, 122 (1985); *see also Shneckloth*, 412 U.S. at 225.

6. A statement is involuntary if a suspect's will has been overborne in extracting it from him. *United States v. Braxton*, 112 F.3d 717, 780 (4th Cir. 1991). Involuntariness may result from physical coercion, *Reck v. Pate*, 367 U.S. 433, 440 (1961), or psychological pressure. *United States v. Gadsden*, 215 Fed. Appx. 283, 285 (4th Cir. 2007). The Supreme Court has made clear that "a finding of coercion need not depend upon actual violence by a government agent; a credible threat is sufficient. As we have said, coercion can be mental as well as physical." *Arizona v. Fulminante*, 499 U.S. 279, 287 (1991) (quoting *Blackburn v. Alabama*, 361 U.S. 199, 206 (1960)). An evidentiary hearing in this case will demonstrate that the statements at issue resulted from a total breakdown of the Fifth and Sixth Amendments.

7. It is well-established that law enforcement officers engaged in custodial interrogation of a suspect are required to recite a prophylactic warning advising the suspect of his option to invoke his Fifth and Sixth Amendment rights. Prior to any questioning, the suspect must be warned that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has the right to the presence of an attorney, either retained or appointed. *Miranda v. Arizona*, 384 U.S. 436, 444-45 (1966). Each case turns on an assessment of the peculiar circumstances of the case. *United States v. Jackson*, 201 U.S. App. D.C. 212, 627 F.2d 1198, 1211 (D.C. Cir. 1980).

8. Whenever custodial interrogation proceeds, a prerequisite to the later admissibility of any statements obtained thereafter is conditioned on the Government's ability to demonstrate that

the accused "knowingly and voluntarily waived his or her privilege against self-incrimination and his or her right to retained or appointed counsel." *Miranda*, 384 U.S. at 475.

9. Any inquiry into the voluntariness of an alleged *Miranda* waiver has two dimensions. First, the relinquishment of the right must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception. *Moran v. Burbine*, 475 U.S. 412, 421 (1986). Second, the waiver must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it. *Id.* Only if the "totality of the circumstances surrounding the interrogation" reveals both an uncoerced choice and the requisite level of comprehension may a court properly conclude that the *Miranda* rights have been waived. *Id.*

10. The defendant was clearly in custody when questioned by law enforcement officers in this case. The defendant found himself in a "police dominated" environment that clearly implicated the coercion associated with custodial interrogation. *See Berkemeyer v. MacCarty*, 468 U.S. 420 (1984). Any waiver of his rights was the result of intimidation and not the product of a free and deliberate choice.

11. Any statements made by and recorded of Teal and Stewart violated their expectation of privacy in violation of the Fourth & Fourteenth Amendment to the United States Constitution.

12. Any statements recorded by law enforcement between Teal and Stewart were deliberately elicited by law enforcement in the absence of counsel after proceedings had begun, in violation of the Six Amendment to the United States Constitution, (Massiah v. U.S. 377 U.S. 201).

WHEREFORE, the defendant respectfully requests that this Honorable Court suppress any statements made by the defendant on or about September 17, 2019, while in custody.

Respectfully submitted,

_____/S/_____

Law Office of Purpura & Purpura
William B. Purpura
8 E. Mulberry Street
Baltimore, Maryland 21202
Fed Bar No: 00074
wpurpura@purpuralaw.com

October 20, 2021

5