IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CASE NO: SAG-19-0610** |
| | * | |
| v. | * | |
| | * | |
| **DIAMANTE TEAL,** | * | |
| | * | |
| **Defendant** | | |

********

## MOTION IN LIMINE TO EXCLUDE PREJUDICIAL OTHER CRIMES EVIDENCE UNDER FEDERAL RULES OF EVIDENCE 404(B) AND 403

Diamante Teal, by his undersigned counsel, hereby respectfully moves this Honorable Court in limine to preclude the Government from introducing highly prejudicial and irrelevant evidence that he murdered Travis Chance and attempted to murder T.R. & M.B. in Baltimore, Maryland, on July 11, 2019. Admission of this evidence would violate Federal Rules of Evidence 404(b) and 403. In support the motion, Mr. Teal states:

### FACTUAL BACKGROUND

On December 19, 2019, a federal grand jury for the District of Maryland returned a seven count indictment charging Philip Morton, Diamante Teal, and William Stewart with Hobbs Act Robbery and Conspiracy to Commit Hobbs Act Robbery in violation of 18 U.S.C. § 1951, Carjacking and Conspiracy to Commit Carjacking in violation of 18 U.S.C.§ 2119, Brandishing a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c), and Conspiracy Brandish a Firearm in violation of 18 U.S.C. § 924(c). ECF No. 1.

Two months prior to the return of the indictment, on October 2, 2019, Mr. Teal had been charged in the Circuit Court for Baltimore City for the murder of Travis Chance and the

attempted murder of T.R. & M.B., all alleged to have taken place in the 5600 block of The Alameda in Baltimore City on July 11, 2019. The State dismissed those charges on March 11, 2021.

Mr. Teal and his codefendants are not charged in the federal indictment with the murder of Travis Chance or the attempted murder of T.R. & M.B. These acts are not in any way related to the present charges or intrinsic to the charged robbery and carjacking conspiracy. They are not listed as overt acts.

## ARGUMENT

A.  <u>Evidence of Crimes Wholly Unrelated to the Charged Conspiracy Are Inadmissible Under Federal Rule of Evidence 404(b) and 403.</u>

The Government has charged Mr. Teal with robbery and carjacking and seeks to introduce evidence of a completely unrelated murder and two attempted murders in its proof. This evidence must be excluded. Federal Rule of Evidence 404(b) states:

> (1) Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
>
> (2) This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Fed. R. Evid. 404(b). The Fourth Circuit has articulated a four-prong test for determining the admissibility of prior act evidence:

> (1) the prior act evidence must be relevant to an issue other than character;
>
> (2) it must be necessary in that it is probative of an essential claim or an element of the offense;
>
> (3) it must be reliable; and

>   (4)   its probative value must not be substantially outweighed by confusion or unfair prejudice in the sense that it tends to subordinate reason to emotion in the fact-finding process.

*See United States v. Queen*, 132 F.3d 991, 997 (4th Cir. 1997)). The evidence in question here fails the test on every level. First, it is not relevant to an issue other than character, because it is not probative of any claim or element of the offense. The Government apparently seeks to admit unproven and now dismissed murder and attempted murder allegations to assert that the gun and running shoes possessed by whoever committed those crimes were the same as the gun and running shoes the Government contends Mr. Teal possessed in this case. It is difficult to determine how a description of a person that was never determined to have been Mr. Teal on one occasion identifies a person as Mr. Teal on another occasion.

Second, the evidence that Mr. Teal even committed the extrinsic acts is unreliable, as amply demonstrated by the fact that the Baltimore City State's Attorney dismissed the charges, which she likely did because there is no clear identification of Mr. Teal as the perpetrator of those crimes.

Finally, and perhaps most importantly, any probative value the evidence may have is strongly outweighed by its prejudicial impact. Federal Rule of Evidence 403 states, "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. 403. Again, the evidence the Government seeks to introduce here creates almost every risk anticipated by the rule.

First, it is unfairly prejudicial. Evidence is unfairly prejudicial when it has "an undue tendency to suggest decision on an improper basis . . . [often] an emotional one." *Old Chief v.*

*United States*, 519 U.S. 172, 180. It is hard to imagine a greater prejudice than the in the introduction of a murder and two attempted murders for the purpose of bolstering a questionable identification of a suspect in a carjacking. Second, the trial-within-a-trial that Mr. Teal will be forced to mount in order to challenge this evidence will greatly confuse the issues, create delay, and waste time.

    The Government may attempt to argue that Federal Rule of Evidence 404(b) does not apply, because the murder and attempted murders are intrinsic to the charged conspiracy. *See United States v. Chin*, 83 F.3d 83, 87 (4th Cir. 1996) (Rule 404(b) applies only to evidence extrinsic to the charged offense). There is no indication whatsoever that these events were related in any way. Regardless, even if the Court were not to exclude the evidence under 404(b) in would remain inadmissible under Rule 403.

## CONCLUSION

    The introduction of a murder and two attempted murders in an attempt to prove Mr. Teal's identity in an unrelated robbery and carjacking would truly amount to the tail wagging the dog and must be excluded under Federal Rules of Evidence 404(b) and 403. Mr. Teal respectfully requests that the Court preclude the Government from introducing any evidence of the Chance murder and attempted murders of T.R. & M.B.

    Respectfully submitted,

    /s/

    **William B. Purpura**

    Purpura & Purpura
    8 E. Mulberry St.
    Baltimore, MD 21202
    Bar No.  MD00074
    wpurpura@purpuralaw.co

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy of the foregoing Motion in Limine to Exclude Prejudicial Other Crimes Evidence Under Federal Rules of Evidence 404(b) and 403 was served via ECF on all counsel of record this 7th day of November, 2021.

                                                /s/
                                          William B. Purpura